FREDERICK H. STIEF, plaintiff in error, vs. MONMOUTH B. HART, defendant in error. (Judgment affirmed.) A. TABER, for plaintiff in error, S. STEVENS, for defendant in error. The principal point decided in this case, was, that property pledged, might be taken out of the possession of the pledgee by a sheriff, on an execution against the pledgor, and the pledgor's interest therein sold. (Reported, 1 Comstock, 20.)

CASPARUS C. HOES and wife and others, appellants, v. JOHN M. VAN HOESEN, respondent. (Decree affirmed.) H. HOGEBOOM, for appellants, A. L. JORDAN, for respondent. In this case it was decided that the reversionary interest in the *personal estate* was the primary fund for the payment of the legacies which were made chargeable by the testator's will upon the devisees of the reversionary interest in the real estate. The reversionary interest in the personal estate not having been disposed of by the will. (Reported, 1 Comstock, 120.)

JOHN H. HOWLAND vs. WILLIAM AYRES and others. (Decree affirmed.) R. MANNING, for appellant C. GREEN, E. H. SEELY, for respondents. This was an appeal by C. Green from an order of the chancellor affirming an order made by the Assistant Vice-Chancellor of the 1st circuit, upon exceptions to a master's report, as to the right of C. Green to certain surplus moneys, arising from a sale of mortgaged premises under a decree.

The only question was, whether a power of attorney executed by C. Green to his brother W. C. Green, authorized the latter to make and execute an assignment of the judgment upon which the surplus moneys were directed to be applied. The power was not one to do a specific act, and concluding with general words, which general words are usually restricted to the specific object of the power. But it was a general power in the most extended sense of the term; and held sufficient for the purposes of the assignment. (Not reported.)